UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY LEWIS SMITH, | CV F 05-0218 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 7] |
| WARDEN C. E. HARRISON, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss. Petitioner has not opposed the motion.

**PROCEDURAL HISTORY**

On January 11, 2002, Petitioner was convicted in Fresno County Superior Court of first degree murder and personal use of a deadly weapon. Petitioner was sentenced to serve an indeterminate twenty-five year to life term for the murder conviction, plus one year for personal use of a deadly weapon.

Petitioner filed a direct appeal and the California Court of Appeal for the Fifth Appellate

1  District affirmed the judgment in a published opinion on July 11, 2003.  People v. Smith, 110
2  Cal.App.4th 492 (Cal.Crt.App. 2003).  The California Supreme Court denied Petitioner's petition for
3  review.
4       Petitioner filed a petition for a writ of certiorari in the United States Supreme Court on
5  January 12, 2004.  The Court denied the petition on March 22, 2004.  Smith v. California, 541 U.S.
6  944 (2004).
7       Petitioner did not file a petition for writ of habeas corpus in the California Superior,
8  Appellate or Supreme Court.  Petitioner filed the present petition with this court on February 16,
9  2005.  Respondent filed his motion to dismiss on April 27, 2006.  Petitioner has not opposed the
10  motion.

11  **DISCUSSION**

12  JURISDICTION

13       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
14  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
15  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.
16  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
17  the United States Constitution.  In addition, the conviction challenged arises out of the Fresno
18  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);
19  2241(d).  Accordingly, the court has jurisdiction over the action.
20       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
21  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
22  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
23  586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
24  F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
25  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
26  to cases filed after statute's enactment).  The instant petition was filed on December 10, 2004, after
27  the enactment of the AEDPA, thus it is governed by its provisions.
28  //

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

//

EXHAUSTION OF STATE JUDICIAL REMEDIES

Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, Petitioner has not presented any of his claims to the California Supreme Court and the claims are therefore unexhausted. The court must dismiss a petition that contains only unexhausted claims for lack of jurisdiction. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Jiminez v.

1  <u>Rice</u>, 276 F.3d 478 (9th Cir.2001).  Therefore, the court must dismiss this petition.

2      Respondent has also moved to dismiss this petition on the ground that Petitioner has failed to
3  allege the deprivation of a federal right.  Because the court has determined that it lacks jurisdiction
4  over this case, it will not consider this additional ground for dismissal.

5      Based on the foregoing,  the court HEREBY RECOMMENDS that Respondent's motion to
6  dismiss be GRANTED and that this petition for writ of habeas corpus be DISMISSED for lack of
7  jurisdiction.

8      These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
9  Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court
10 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within
11 ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
12 advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).IT IS SO ORDERED.

13 **Dated:    July 17, 2006**            **/s/  William M. Wunderlich**
14 mmkd34                                 UNITED STATES MAGISTRATE JUDGE